**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0519n.06
Filed: July 20, 2007

**No. 06-3118**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Amer Ali Sleiman, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | OF DECISION OF BOARD OF |
| v. | ) | IMMIGRATION APPEALS |
| | ) | |
| Alberto Gonzales, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

**BEFORE:** KENNEDY, GIBBONS, and McKEAGUE, Circuit Judges.

**McKeague, Circuit Judge.** Petitioner Amer Ali Sleiman failed to appear at his rescheduled removal hearing. As a result, the immigration judge ("IJ") entered an *in absentia* removal order against him. Petitioner filed a motion to reopen, claiming that he failed to appear because he was not aware of the hearing. The IJ denied the motion, concluding that Petitioner failed to establish that he had not received notice of the hearing. The Board of Immigration Appeals ("BIA") affirmed. For the reasons stated below, we AFFIRM the decision of the BIA.

**I. BACKGROUND**

Petitioner is a native and citizen of Lebanon. On or around September 26, 2001, he was admitted to the United States as a nonimmigrant visitor for business purposes. He was authorized to remain in the United States for a temporary period. He later received an extension

of his nonimmigrant visa that permitted him to stay until December 25, 2002, and he remained in the United States beyond that time.

On August 18, 2003, the Department of Homeland Security instituted removal proceedings against him, filing a Notice to Appear in immigration court, which charged him with removability pursuant to 8 U.S.C. § 1227(a)(1)(B). He was personally served with the Notice to Appear, which stated, inter alia, that a removal order could be given by the IJ in Petitioner's absence if he failed to attend that hearing or any other proceeding that the IJ directed him to attend. A notice was sent to Petitioner at the address provided in the Notice to Appear, informing him that the master calendar hearing was scheduled for November 20, 2003. The notice again informed him that his failure to appear could result in the entering of an order against him.

Petitioner failed to appear at the November 20, 2003 removal hearing, and the IJ ordered him removed *in absentia*. Petitioner filed a motion to reopen his case on February 10, 2004. He was represented at that time by one Yasser Farhat. In connection with the motion, Petitioner claimed that he had not received notice of the hearing, that he underwent dental surgery on the date of the hearing, and that he was eligible to adjust his immigration status. His motion was granted on February 20, 2004. That day, the immigration court sent him notice that his case was scheduled for a master calendar hearing on March 24, 2004.

At the March 24, 2004 hearing, Petitioner admitted the factual allegations in the Notice to Appear, and he conceded removability. A subsequent hearing was scheduled for March 9, 2005. On October 28, 2004, the immigration court notified Farhat via regular mail that the hearing was

rescheduled for May 27, 2005. That hearing was itself rescheduled to May 20, 2005. The immigration court notified Farhat of this change by regular mail on February 16, 2005.

Petitioner failed to appear at his May 20, 2005 hearing, and the IJ again entered an *in absentia* removal order against him. That day, the IJ's order was mailed to Farhat. On June 10, 2005, Petitioner filed another motion to reopen, again claiming that he did not appear at the hearing because he was not aware of it. Along with the motion, he included affidavits of two secretaries from Farhat's office. Both secretaries claimed that while they received notice of the May 27, 2005 hearing, they did not receive notice of the May 20, 2005 hearing. Petitioner also attached computer printouts of Farhat's court schedule. One printout indicated that Petitioner's case was scheduled for a hearing on May 27, 2005, yet another had "5-20-05" written next to Petitioner's name.

On July 22, 2005, the IJ denied Petitioner's motion. The IJ found that Petitioner failed to establish that he did not receive notice of the hearing. The IJ also found that the record established that written notice of the hearing was "directed/mailed to" Petitioner's counsel on February 16, 2005. The IJ noted that Petitioner's generalized claim of non-receipt is not sufficient to support the reopening of his case. The BIA affirmed, holding that the IJ had properly found that notice of the hearing was properly served on Petitioner's counsel by mail. The BIA did not find persuasive Petitioner's argument that service by regular mail is insufficient to prove actual receipt of a rescheduled hearing. Petitioner filed a timely petition for review.

## II. ANALYSIS

### A. Standard of Review

The denial of a motion to reopen removal proceedings is reviewed under the abuse of discretion standard. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). An abuse of discretion occurs when the denial to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an invidious discrimination against a particular group." *Id.* (citation and internal quotation marks omitted). We review the BIA's legal determinations under the de novo standard, and we review the BIA's factual findings under the substantial evidence standard. *Sanusi v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007). Under the substantial evidence standard, we will not reverse a factual determination unless we determine "that the evidence not only supports a contrary conclusion, but *compels* it." *Ramaj v. Gonzales*, 466 F.3d 520, 527 (6th Cir. 2006).

## B. The Motion to Reopen

An alien must be given, via personal service, written notice of removal proceedings; if such service is not practicable, service by mail to the alien or his counsel of record may be provided. 8 U.S.C. § 1229(a)(1); *Ablahad v. Gonzales*, 217 F. App'x 470, 473 (6th Cir. 2007). If proper written service of removal proceedings is provided to the alien yet he fails to attend those proceedings, the IJ "must enter an *in absentia* order of removal if the agency establishes 'by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable.'" *Ablahad*, 217 F. App'x at 473 (quoting 8 U.S.C. § 1229a(b)(5)(A)). An *in absentia* order entered under such circumstances may be rescinded only if the alien files a motion to reopen the case and demonstrates that he either did not receive notice of the removal proceedings or did not appear as a result of exceptional circumstances. *Id.* (citing 8 U.S.C. §

1229a(b)(5)(C)).  The motion to reopen must be supported by affidavits and other evidentiary material, 8 C.F.R. § 1003.23(b)(3), and our review of the denial of a motion to reopen to rescind an *in absentia* removal order is confined to (1) the validity of the notice that was provided to the alien; (2) the reasons the alien gives for not attending the proceeding; and (3) whether the alien is removable.  8 U.S.C. § 1229a(b)(5)(D); *Modarresi v. Gonzales*, 168 F. App'x 80, 82 (6th Cir. 2006).

On appeal, Petitioner argues that the decisions below "erroneous[ly] . . . placed the burden on [Petitioner] to prove that he did not in fact receive the hearing notice."  Petitioner's Br. at 2.  He claims that the burden "should be borne by the sender to prove that the hearing notice was sent out and not presume actual notice occurred from using regular mail." *Id.* at 1. Petitioner contends that such a shifting of the burden from the government to him is contrary to Section 240(b)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(A).

Petitioner's first assignment of error must fail.  He confuses the requirements for the issuing of an *in absentia* removal order, in which the burden is placed on the government to prove that notice of the removal proceeding was *provided* to the alien or his counsel, with the requirements for the overturning of the denial of a motion to reopen, in which the burden is placed on the alien to prove that he did not *receive* notice of the hearing.  *See Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004) (emphasizing that "[c]onsiderations on a motion to reopen differ from those relevant to the holding of an in absentia hearing, . . . [because a] motion to reopen focuses on whether the alien actually received notice, rather than on whether the INS sent sufficient notice to the proper address").

Petitioner also claims on appeal that he did not receive notice of the hearing. As stated above, the BIA affirmed the IJ's finding that notice of the hearing was properly served on Petitioner's counsel by mail. Substantial evidence supports this finding. Although two of Farhat's secretaries stated in affidavits that they did not receive notice of the May 20, 2005 hearing, they did not claim that the notice could not have been received by another person at the law office. Indeed, nothing in the affidavits indicates that those two secretaries are the only persons that handle incoming mail at the office. Additionally, although one printout submitted by Petitioner indicated that his case was scheduled for a hearing on May 27, 2005, another had "5-20-05" written next to his name, from which the IJ and the BIA could reasonably infer that someone at the office had learned of the change in the hearing date and had memorialized that change for future reference. Petitioner also fails to include an affidavit from Farhat himself claiming that the latter did not receive notice of the hearing. Finally, Petitioner received the following at Farhat's address, the same address to which the notice of the May 20, 2005 hearing was sent: the notice of the May 27, 2005 hearing, the second *in absentia* order, the government's opposition to the motion to reopen, and all correspondence from the BIA.

It thus cannot be said that the above evidence compels the finding that Petitioner never received notice of the May 20, 2005 hearing, *Ramaj*, 466 F.3d at 527, and it certainly is not the case that the denial to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an invidious discrimination against a particular group," *Haddad*, 437 F.3d at 517. For all these reasons and because the February 16, 2005 notice that was sent by regular mail to Farhat was reasonably calculated to apprise Farhat and Petitioner of

the rescheduling, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), the IJ

and the BIA did not err in denying Petitioner's motion to reopen and concluding that Petitioner's

due process rights were not violated.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the BIA.