RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0141p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

AMINATA IBRA BA,

*Petitioner,*

v.

No. 08-3478

ERIC HOLDER, Attorney General,

*Respondent.*

On Petition for Review of a Final Order
of the Board of Immigration Appeals.
No. A97 615 587.

Submitted: March 3, 2009

Decided and Filed: April 8, 2009

Before: NORRIS, COOK, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Brian C. DiFranco, DiFRANCO LAW OFFICE, Columbus, Ohio, for
Petitioner. Margaret Anne O'Donnell, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

**OPINION**

_____

ALAN E. NORRIS, Circuit Judge. Petitioner Aminata Ibra Ba, a citizen of
Mauritania, applied for asylum, withholding of removal, and protection under the
Convention against Torture, alleging racial persecution. The merits of her claims are not
before us, however, because the immigration judge issued a removal order *in absentia* after
she failed to appear for her hearing. He subsequently denied her motion to reopen, a
decision affirmed by the Board of Immigration Appeals ("the Board"). This appeal poses

1

the following question: What is required to establish that an alien received her statutorily required written notice of removal proceedings when that notice was sent by regular mail?

**I.**

According to her asylum application, petitioner arrived in the United States on September 14, 2003. She filed her application for asylum on February 3, 2004, listing her address as 1 Mulberry Court, Apt. 3B, Cincinnati, Ohio. On July 12, 2004, she was served with a Notice to Appear ("NTA") as an alien subject to removal. The NTA, which petitioner acknowledges receiving, used the address contained in her asylum application.

More than two years after the NTA issued, the Immigration Court sent a Notice of Hearing, which was to occur on February 8, 2007, to the Mulberry Court address. Petitioner claims not to have received this notice. As a result, she failed to attend the hearing and an *in absentia* order of removal was entered against her.

According to an affidavit sworn to by petitioner, she was "not even aware that I was removed *in absentia* until yesterday, October 11, 2007, when I went to the Cincinnati Immigration Office to inquire about the status of my application to renew my employment authorization card which has been pending since April 30, 2007." The affidavit also states that petitioner had notified the United States Citizenship and Immigration Services ("USCIS") of her new address at 309 South Wayne Avenue, Cincinnati, Ohio, using Form AR-11, "when I moved and when I first renewed my employment authorization." This assertion is borne out by a letter denying work authorization sent on October 17, 2007 to the Wayne Avenue address. Counsel for petitioner finally submitted a change of address form to the Immigration Court on December 10, 2007.

On November 1, 2007, the immigration judge denied a motion to reopen. He noted that "[i]f non-receipt is alleged and the Court has properly addressed and sent the document, the burden is placed on the alien to prove that he did not *receive* notice of the hearing." Memorandum and Order at 2 (citing *Sleiman v. Gonzales*, 241 F. App'x, 321, 324 (6th Cir. 2007) (emphasis original)). In the immigration judge's view, petitioner failed to meet her burden. First, the change of address notice to USCIS did not occur until after the issuance of the removal order. Second, the immigration judge dismissed her argument that boilerplate

language contained in the NTA led her to believe that she would automatically receive a Form EOIR-33 to change her address with the Immigration Court. In his view, her reading of the NTA was misguided because it "does not indicate that one will automatically receive a copy of the form, only that one will be provided if needed." *Id.*

The Board affirmed this decision in a brief order, which acknowledged that "an alien has a weaker burden of establishing failure to receive a Notice of Hearing sent by regular mail than if it was sent via certified mail," but concluded that petitioner could not benefit from that weaker burden because her affidavit failed to state that she was living at the Mulberry Court address at the time the notice was mailed. Board Order, March 25, 2008 at 1. Unless she resided at that address, she had a duty to inform the Immigration Court of any change of address and nothing in the record indicated that she did so.

**II.**

Notice requirements during removal proceedings and the obligations that they trigger have been recently summarized in these terms:

> An alien must be provided written notice of a removal proceeding in person or, if personal service is not practicable, through service by mail to the alien or the alien's counsel of record. 8 U.S.C. § 1229(a)(1). The notice must contain certain required elements, including the nature of the proceedings, the conduct alleged to be in violation of the law, and the date, time, and location of the proceedings. *Id.* § 1229(a)(1)(A)-(G). If an alien is provided proper written notice of a removal proceeding and still fails to attend, the IJ must enter an *in absentia* order of removal if the agency establishes "by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable [as further defined]." *Id.* § 1229a(b)(5)(A). An *in absentia* order so entered may be rescinded only if the alien moves to reopen the case and demonstrates th[at] he or she either did not receive notice of the removal hearing or failed to appear because of exceptional circumstances. *Id.* § 1229a(b)(5)(C). . . . Review of an *in absentia* order is confined to (i) the validity of the notice provided to the alien; (ii) the reasons for the alien's not attending the proceeding, and (iii) whether the alien is removable. *Id.* § 1229a(b)(5)(D).

*Ablahad v. Gonzales*, 217 F. App'x, 470, 473-74 (6th Cir. 2007). The Board has recently conceded that, consistent with a number of circuit court opinions, the trend is toward a diminished presumption when regular mail is used:

> We find that it is proper to apply some presumption of receipt to a Notice to Appear or Notice of Hearing sent by regular mail when the notice was properly addressed and mailed according to normal office procedures. This presumption, however, is weaker than that accorded to notice sent by certified mail.

*Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008) (citing *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156 (2d Cir. 2008); *Santana Gonzalez v. Att'y Gen. of the United States*, 506 F.3d 274 (3d Cir. 2007); *Sembiring v. Gonzalez*, 499 F.3d 981, 988-89 (9th Cir. 2007)). Echoing language from the Ninth Circuit's *Sembiring* decision, *Matter of M-R-A-* observes, "[a]n inflexible and rigid application of the presumption of delivery is not appropriate when regular mail is the method of service of a Notice to Appear or Notice of Hearing." *Matter of M-R-A-,* 24 I. & n. Dec. at 673.

Petitioner contends that the immigration judge gave insufficient weight to her affidavit. She directs us to *Sembiring*:

> The test for whether an alien has produced sufficient evidence to overcome the presumption of effective service by regular mail is practical and commonsensical rather than rigidly formulaic. In the typical regular mail case, the only proof of non-receipt beyond the respondent's statement that he or she did not receive notice, will be circumstantial evidence. In a few cases, non-receipt may be shown by a single piece of evidence, such as when evidence shows that an incorrect address was used. Sometimes, however, several pieces of circumstantial evidence may be appropriate.

400 F.3d at 988 (punctuation and citations omitted). The Ninth Circuit also noted that the adverse consequences which accompany removal favor petitioner: "[t]he liberty interests involved in removal proceedings are of the highest order. Removal visits a great hardship on the individual and deprives him [or her] of the right to stay and live and work in this land of freedom." *Id.* at 990 (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 927 (9th Cir. 2004)).

In *Matter of C-R-C-*, 24 I. & N. Dec. 680 (BIA 2008), the Board remanded a case in which the immigration judge had entered an *in absentia* order because the judge failed to give adequate weight to the fact that petitioner sought a benefit (asylum), had every reason to appear, and submitted an affidavit stating that he always resided at the same address and had received a fingerprint notice there. While *C-R-C-* has much in common with petitioner's situation, there is one difference that must be acknowledged: her affidavit fails to assert that she was living at the Mulberry Court address at the time when the notice of her February 8th

court hearing was mailed to her. At the very least, petitioner bears the burden, even when service is made by regular mail, to demonstrate that the address to which the notice was sent was current. A blanket statement, such as that made by petitioner that "I never received any notice of the hearing," is not enough.

Petitioner contends that she not only filed an affidavit, she indicated her desire to pursue her asylum claim by keeping the USCIS informed of her address when applying for work authorization. We note, however, as did the immigration judge, that petitioner filed her AR-11 form two months *after* she failed to appear for her court hearing. Be that as it may, while her attempts to keep the government apprised of her whereabouts were ineffective, they at least demonstrate her interest in pressing forward with her asylum claim, and the other factors recounted in *Sembiring* and *Matter of M-R-A-* also weigh in her favor.

Applying these considerations to the present case, we conclude that petitioner should have an opportunity to establish that she resided at the Mulberry Court address when the Notice of Hearing was mailed to her by the Immigration Court. If she can do so, then she has rebutted any presumption of delivery by regular mail and the *in absentia* order of removal should be vacated.

### III.

The Board's Order of March 25, 2008 dismissing petitioner's motion to reopen is **reversed** and the cause is **remanded** for further proceedings consistent with this opinion.