Jin v. Holder

BIA
A089 250 138

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

HU JIN,
> *Petitioner,*

> v.                                    13-2611
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____


FOR PETITIONER:          Stuart Altman, New York, New York.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Eric W. Marsteller, Senior Litigation Counsel; Claire L. Workman, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hu Jin, a native and citizen of China, seeks review of a June 27, 2013 decision of the BIA denying his motion to reopen. *In re Hu Jin*, No. A089 250 138 (B.I.A. June 27, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). Aliens seeking to reopen proceedings may move to reopen no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). That time limitation may be tolled if the alien can demonstrate

2

ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). To benefit from equitable tolling, the alien must comply with certain procedural requirements; show prejudice as a result of the ineffective assistance; and have exercised due diligence in pursuing the claim. *Id.* at 130-31.

Jin's motion to reopen was untimely: he filed it more than a year after the agency entered an order of removal against him. 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2).

In the main, Jin claimed prejudice from his attorney's failure to notify him that the BIA had dismissed his appeal. That failure, argues Jin, caused him to miss the deadline for filing a petition for review of his removal order.

We have previously approved of, and applied, the so-called "presumption of receipt," under which there is "some presumption of receipt when notice is sent by regular mail." *Lopes v. Gonzales*, 468 F.3d 81 (2d Cir. 2006) (per curiam) (approving of presumption); *see also Ba v. Holder*, 561 F.3d 604 (6th Cir. 2009). The alien may, however, rebut that presumption with an affidavit and other evidence. For example, in *Lopes*, the petitioner's affidavit asserted that

3

he "did not receive the notice" of his hearing. 468 F.3d at 83. Additionally, Lopes had no motive to miss the hearing: he had initiated the proceeding to receive a benefit, had notified immigration authorities of a prior change in address, and had complied with other disclosure obligations. *Id.* at 86. In *Alrefae v. Chertoff*, the petitioner "submitted a notarized letter attesting that he had not received notice because his friend . . . lost his mail, and he offered a police report as support for his claim that he began receiving his mail at [his friend's] home after his own home was burglarized." 471 F.3d 353, 360 (2d Cir. 2006). Like Lopes, Alrefae also evinced a "general willingness to comply with U.S. immigration laws" and a desire to have his case heard. *Id.* By contrast, in *Fuentes-Argueta v. INS*, the presumption of receipt was not rebutted because the petitioner's only "evidence of nondelivery" was "her own affidavit, which, in fact, nowhere state[d] that the postal service had not attempted to deliver the notice of the . . . hearing or had otherwise improperly disposed of the notice." 101 F.3d 867, 872 (2d Cir. 1996) (per curiam). Instead, she merely averred that she "was not aware that [she] had a hearing." *Id.*

Here, the BIA found that Jin failed to rebut the presumption that he received a courtesy copy of the BIA's decision dismissing his appeal. That was no abuse of discretion. Jin's affidavit in support of his motion to reopen stated: "My former attorney did not inform me that my BIA Appeal had been decided on March 7, 2012. It was only upon going to another attorneys office that I was informed that my BIA appeal had been denied." Jin did not, however, deny having received the courtesy copy that was addressed to him (a copy of which was part of the administrative record). As the BIA observed, Jin's affidavit made no reference at all to the courtesy copy. Nor did Jin provide any "other evidence that it was not received at his address of record," including, for example, that it was "returned as undeliverable." Because Jin failed to rebut the presumption, his attorney's alleged failure to notify him about that decision cannot have caused prejudice.

The agency also had the discretion to find that Jin otherwise failed to show prejudice. Jin claimed that his attorney "mixed up dates" in his asylum application. Jin does not identify any particular dates. Ambiguity aside, the IJ's adverse credibility determination was based not on

5

the dates in Jin's written application, but rather on the inconsistencies among Jin's testimony, his wife's testimony, and their documentary evidence. So, even if Jin's attorney did mix up dates on his asylum application, those errors caused Jin no harm.

Jin's second claim of prejudice was that his attorney failed to submit his marriage certificate at the merits hearing, which, according to Jin, caused the IJ to "question [t]he validity of his marriage." But the marriage certificate was submitted. Indeed, inconsistencies between it and Jin's testimony partly grounded the IJ's adverse credibility determination.

Finally, we lack jurisdiction to review the BIA's decision not to reopen sua sponte under 8 C.F.R. § 1003.2(a), because that decision is "entirely discretionary." *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk