NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0574n.06

No. 20-3042

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 07, 2020
DEBORAH S. HUNT, Clerk

RONALD OSVALDO RAMOS,

  Petitioner,

   v.

WILLIAM P. BARR, Attorney General,

  Respondent.

)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE BOARD OF
IMMIGRATION APPEALS

Before: MERRITT, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. An immigration judge ordered Ronald Osvaldo Ramos removed when he failed to appear at his removal proceedings. Ramos moved to reopen those proceedings 13 years later, asserting that he had not received notice of his removal hearing and that exceptional circumstances excused his failure to appear. The IJ denied that motion, and the Board of Immigration Appeals affirmed. We deny Ramos's petition for review.

I.

In 1999, Ramos left El Salvador, crossed the U.S.-Mexico border without authorization, and settled in Columbus, Ohio. The next year he applied for asylum. In March 2003, the government mailed to Ramos's Columbus address a notice to appear, which told him that the government thought he was in the country illegally, that he was required to appear before an IJ for a removal hearing in June 2003, and that he was required to inform the immigration court of any

change in his mailing address. Nine days later, the government mailed a notice that said the room for the hearing had changed.

Ramos failed to attend his hearing. That same month—June 2003—he moved to Canton without notifying the immigration court of his new address. In August 2003, the government sent to Ramos's Columbus address a notice that it had rescheduled his removal hearing for the following June. Ramos failed to attend that hearing as well, and the IJ ordered him removed *in absentia*.

More than 13 years later—in February 2018—Ramos filed a motion to reopen his removal proceedings, alleging that he had not received notice of his June 2003 and June 2004 removal hearings and that exceptional circumstances excused his failure to appear. The IJ denied his motion. The Board affirmed, finding that Ramos was properly "served by mail with the notice to appear on March 24, 2003," that the notice told him to notify the immigration court of any change in his address, and that he failed to do so when he moved in June 2003. The Board also found that his failure to appear was not due to exceptional circumstances. This petition followed.

II.

We review the Board's denial of Ramos's motion to reopen for an abuse of discretion. *Dieng v. Barr*, 947 F.3d 956, 960 (6th Cir. 2020). In doing so, we treat the Board's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Ramos argues that he did not receive the notice to appear sent to his Columbus address in March 2003. *See id.* § 1229a(b)(5)(C)(ii). But Ramos concedes that he was living at that address at the time the notice was sent to him there. We therefore presume, as the Board did, that Ramos actually received it. *See Valadez-Lara v. Barr*, 963 F.3d 560, 566 (6th Cir. 2020). Ramos's

unsupported assertion that he did not receive the notice, in an affidavit made over 13 years later, is not enough to rebut that presumption. *See Santos-Santos v. Barr*, 917 F.3d 486, 492–93 (6th Cir. 2019). Ramos also contends that, if he had heard about the hearing, he would have shown up for it, because his asylum application remained pending then. But that contention too is unpersuasive, given that Ramos did nothing to follow up on that application for more than 13 years. *Cf. Ba v. Holder*, 561 F.3d 604, 607–08 (6th Cir. 2009). Nor is the presumption rebutted by the mere fact that Ramos filed a motion to reopen within four months of learning of his removal order in 2017. The Board therefore had good reason to conclude that Ramos received the notice to appear at his 2003 hearing. And Ramos cannot complain that he did not receive notice of his 2004 hearing (at which he was actually ordered removed *in absentia*), given that he failed to notify the immigration court of his new address in Canton. *See* 8 U.S.C. §§ 1229(a)(2)(B), 1229a(b)(5)(B).

Ramos separately argues that exceptional circumstances excused his failure to appear. *See id.* § 1229a(b)(5)(C)(i). Exceptional circumstances are "matters 'beyond the control of the alien,' including 'serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances.'" *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (quoting 8 U.S.C. § 1229a(e)(1)).

Here, Ramos cites three circumstances that he says are exceptional. First, he says he was attacked by gang members in April 2003, which purportedly caused him to move to Canton that June. But Ramos nowhere explains why he could not attend a hearing two months after the alleged attack. Second, Ramos says he was too busy to attend his hearings, because he was caring for his daughter. But his daughter was born in 2005, a year after the hearing at which he was ordered removed. Finally, Ramos's asserted need to support his family is a commonplace circumstance

rather than an exceptional one. The Board did not abuse its discretion when it denied Ramos's motion to reopen his removal proceedings.

The petition is denied.