RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 22a0008p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

MIGUEL ANGEL GUZMAN-TORRALVA,

       *Petitioner,*

 *v.*

MERRICK B. GARLAND, Attorney General,

       *Respondent.*

No. 21-3360

On Petition for Review from the Board of Immigration Appeals;
No. A 206 405 524.

Decided and Filed:  January 13, 2022

Before:  GILMAN, KETHLEDGE, and LARSEN, Circuit Judges.

_____

### COUNSEL

_____

**ON BRIEF:**  Cesar Martin Estela, Newark , New Jersey, for Petitioner.  Joseph D. Hardy, Anthony C. Payne, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

### OPINION

_____

LARSEN, Circuit Judge.  Miguel Angel Guzman-Torralva was ordered removed from the country after he missed his hearing in immigration court.  Now he seeks to reopen the proceedings, claiming that the bad advice of his lawyer should excuse his absence.  But Guzman-Torralva hasn't met the requirements for reopening.

Under *Matter of Lozada*, a motion to reopen based on ineffective assistance of counsel must state whether the alien filed a formal bar complaint against his lawyer.  19 I. & N. Dec.

637, 639 (BIA 1988). If no complaint was filed, the motion must explain why not. *Id.* Guzman-Torralva didn't file a bar complaint, so the question on appeal is whether his explanation is adequate. Because we think *Lozada* requires more than a simple statement that the alien is "not interested in filing a formal complaint," we DENY the petition for review.

I.

Guzman-Torralva is a 35-year-old Mexican citizen who illegally entered the United States at age 19. He now lives in New Jersey and has two children who are American citizens. On October 24, 2018, Immigration and Customs Enforcement detained him in Ohio as an alien present without being admitted or paroled. While in detention, he was served with a notice to appear at a hearing scheduled for November 14 in Cleveland.

Francis Krajenke, an attorney in Cleveland, represented Guzman-Torralva at that hearing. Guzman-Torralva admitted the factual allegations in the notice to appear and conceded removability. He was then served with a notice to appear at a second hearing, scheduled for November 28, and was released on $15,000 bond. The second hearing was rescheduled to August 20, 2019. The updated notice, like the previous ones, warned Guzman-Torralva that failing to appear could result in an order of removal being issued in his absence.

In May 2019, Guzman-Torralva hired a new attorney, Gustavo Fuentes. As it turned out, this was a poor decision. On August 12, 2019, Fuentes filed an appearance with the immigration court in Ohio, moved to substitute for Krajenke, and moved to change the venue of the August 20 hearing from Cleveland to Newark. But all three filings were rejected because Fuentes failed to provide proof of service on Krajenke and to properly sign and paginate the filings. On August 20, neither Guzman-Torralva, Krajenke, nor Fuentes, appeared at the hearing in Cleveland. Accordingly, Guzman-Torralva was ordered removed from the country *in absentia*.

Guzman-Torralva then hired a third attorney and moved to reopen his removal order on the ground that he had received ineffective assistance of counsel. He argued that Fuentes had fumbled the filings and had represented to him that he didn't need to attend the August 20 hearing. The immigration court denied the motion to reopen because Guzman-Torralva hadn't complied with *Lozada*; specifically, he hadn't filed a bar complaint against Fuentes nor

adequately explained the failure to do so. The Board of Immigration Appeals denied his appeal for the same reason. Now Guzman-Torralva asks this court to find that the Board abused its discretion.

## II.

An order of removal *in absentia* can be rescinded and the proceedings reopened if the alien demonstrates "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). Ineffective assistance of counsel can be an exceptional circumstance, *Cuevas-Nuno v. Barr*, 969 F.3d 331, 336 (6th Cir. 2020), but only if the motion meets the requirements of *Matter of Lozada*, 19 I. & N. Dec. at 639. *Lozada* requires (1) that the motion include an affidavit detailing counsel's failings, (2) that counsel be informed of the allegations, and (3) that a bar complaint be filed. *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006). If an alien fails to file a bar complaint, he must explain why. *Hamid v. Ashcroft*, 336 F.3d 465, 469 (6th Cir. 2003). An alien who fails to meet the *Lozada* requirements forfeits his ineffective-assistance-of-counsel claim. *Pepaj v. Mukasey*, 509 F.3d 725, 727 (6th Cir. 2007).

We review the Board's denial of a motion to reopen for an abuse of discretion. *Thompson v. Lynch*, 788 F.3d 638, 642 (6th Cir. 2015). We ask whether the Board denied the motion "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (quoting *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982) (per curiam)). Here, the Board did none of those things.

The Board deemed Guzman-Torralva's ineffective-assistance claim forfeited because he failed to comply with the third *Lozada* requirement: He neither lodged a bar complaint against Fuentes nor adequately explained his failure to do so. The Board explained that not just "*any . . . explanation, however insufficient*" would satisfy *Lozada*. Instead, an acceptable reason would address *Lozada*'s underlying concerns: deterring "collusion between the alien and his or her lawyer" and enlisting the alien's help to raise the ethical standards of the immigration bar. The Board concluded that Guzman-Torralva's rationale—that he was "not interested" in pursuing a bar complaint—failed to serve those purposes. We see no abuse of discretion here.

The third requirement puts "pressure on immigrants to report to the appropriate disciplinary authorities" when the immigration bar has failed "to comply with minimum norms of professional conduct." *Stroe v. INS*, 256 F.3d 498, 504 (7th Cir. 2001). If any explanation would do, that pressure would evaporate. Guzman-Torralva hasn't given a reasonable explanation for failing to file a bar complaint.

The Board also rejected Guzman-Torralva's contention that he should be excused from filing a bar complaint because Fuentes had "acknowledged and accepted responsibility" for his shortcomings. The Board concluded that Fuentes's admitted errors pertained only to the rules for specific motions. He never admitted to what the Board saw as the key failing alleged in the ineffective-assistance claim—that he had misinformed Guzman-Torralva regarding the need to attend the August 20 hearing.

Guzman-Torralva takes issue with the Board's characterization of his ineffectiveness claim. He argues that had Fuentes properly filed the change-of-venue motion, he likely would not have needed to appear at the August 20 hearing; and Fuentes admitted his shortcomings in that regard. But that misunderstands the Board's point that unless the change-of-venue motion was granted, Guzman-Torralva was obliged to attend the hearing. *See* Immigration Court Practice Manual, ch. 5.10(c) ("The filing of a motion to change venue does not excuse the appearance of an alien or representative at any scheduled hearing."). It was the failure to meet that obligation that caused his removal *in absentia*. And none of Fuentes's admissions, as they appear in the affidavit, explain the failure to appear. In any event, the requirement to file a bar complaint is not necessarily excused whenever counsel acknowledges his ineffectiveness. *See Omran v. Garland*, 852 F. App'x 206, 209 (6th Cir. 2021) (per curiam). An admission of error alone won't prevent "collusion between counsel and the alien" or help "polic[e] the immigration bar." *See In re Rivera-Claros*, 21 I. & N. Dec. 599, 605 (BIA 1996).

Guzman-Torralva also argues that this is his "first bite at the apple," which should relax the requirements of *Lozada*. But he offers no authority to support this argument. And we have applied *Lozada* to identical situations. *See, e.g.*, *Omran*, 852 F. App'x at 207–09 (finding that the alien did not meet the *Lozada* requirements after he attended the first hearing, admitted to the

factual allegations, and then missed the next hearing because his counsel failed to keep him apprised of the scheduled hearing date).  The Board did not abuse its discretion.

* * *

We DENY the petition for review.