NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0094n.06

Case No. 23-3837

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ANGELA ELIZABETH PALMA-ZELAYA, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| PAMELA BONDI, Attorney General, | ) ) | |
| Respondent. | ) ) | OPINION |

Before: WHITE, READLER, and MATHIS, Circuit Judges.

MATHIS, J., delivered the opinion of the court in which READLER, J., concurred, and WHITE, J., concurred in the result. WHITE, J. (pp. 5–6), delivered a separate concurring opinion.

**MATHIS, Circuit Judge.** After the Board of Immigration Appeals ("BIA") dismissed Angela Palma-Zelaya's appeal of the denial of her second motion to reopen her immigration proceedings, Palma-Zelaya sought reconsideration of that decision. The BIA denied Palma-Zelaya's motion for reconsideration. And we now deny Palma-Zelaya's petition for review.

**I.**

Palma-Zelaya, a native and citizen of Honduras, entered the United States on or about June 1, 2018. On June 20, 2018, the Department of Homeland Security served Palma-Zelaya with a notice to appear for removal proceedings under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. On November 29, 2018, the immigration court notified Palma-Zelaya that her removal hearing was scheduled for July 10, 2019. Palma-Zelaya failed to appear at the hearing, and the Immigration Judge ("IJ") ordered her removal in absentia.

Palma-Zelaya moved to reopen her removal proceedings due to the birth of her son on August 5, 2019. The IJ granted Palma-Zelaya's motion to reopen and scheduled a new hearing for November 13, 2019. Palma-Zelaya again failed to appear at the scheduled hearing, and the IJ ordered her removal in absentia. That same day, she filed a second motion to reopen, arguing that she appeared at the Immigration and Customs Enforcement office instead of the immigration court and that the immigration officer did not properly notify her to appear at the immigration court. The IJ denied Palma-Zelaya's second motion to reopen. Palma-Zelaya appealed to the BIA. On October 20, 2020, the BIA dismissed Palma-Zelaya's appeal for failure to file a brief.

On March 15, 2021, almost five months later, Palma-Zelaya filed a motion for the BIA to reconsider the dismissal of her appeal. She argued that her attorney never received the order of dismissal until Palma-Zelaya brought it to him in February 2021. Palma-Zelaya's attorney explained that he did not receive the BIA's order because of the mail service disruptions that arose from the COVID-19 pandemic and because his office had relocated to a new address. Further, Palma-Zelaya argued dismissal for failure to file a brief was improper because her attorney never received a briefing schedule from the BIA and "had no reason to expect . . . an immediate briefing schedule" after previously experiencing a two-year delay. A.R. at 19–20. The BIA denied reconsideration and found that: (1) the motion was untimely because it was filed more than 30 days after entry and mailing of the challenged decision; (2) equitable tolling did not apply because Palma-Zelaya did not explain when she received the order of dismissal or why she waited until February 2021 to bring it to her attorney; and (3) there was no error of fact or law in the BIA's October 2020 order because the briefing schedule was properly mailed to counsel's new office address and had not been returned.

In her petition for review, Palma-Zelaya argues that: (1) the BIA erred by denying her motion to reconsider, and (2) the BIA violated her due-process rights.

**II.**

Palma-Zelaya challenges the BIA's denial of her motion for reconsideration. We review the BIA's denial of a motion for reconsideration for an abuse of discretion. *Yeremin v. Holder*, 738 F.3d 708, 718 (6th Cir. 2013) (citation omitted). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to law." *Id.* (quotation omitted). Specifically, "[w]e ask whether the [BIA] denied the motion without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Guzman-Torralva v. Garland*, 22 F.4th 617, 620 (6th Cir. 2022) (internal quotation marks omitted).

Motions for reconsideration must state "the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). "The purpose of a motion to reconsider is the correction of legal or factual errors that occurred in the BIA's original decision." *Yeremin*, 738 F.3d at 718 (quotation omitted).

The BIA did not make any legal or factual errors when it denied Palma-Zelaya's motion for reconsideration. Palma-Zelaya sought reconsideration of the BIA's order denying the appeal of her second motion to reopen. She claims her counsel did not receive notice of the briefing schedule for the appeal. Palma-Zelaya's failure to comply with the briefing schedule led to the dismissal of the appeal.

The BIA mailed the briefing schedule to Palma-Zelaya's counsel at her counsel's address. And because we presume most mail reaches its destination, merely denying receipt of the briefing schedule does not suffice to show that the BIA made a legal or factual error. *See Ba v. Holder*, 561 F.3d 604, 607 (6th Cir. 2009). Instead, Palma-Zelaya needed to "explain why [the briefing

schedule] might have fallen through the cracks (because, for example, a postal employee regularly confused one address for another)." *Singh v. Garland*, No. 21-3812, 2022 WL 4283249, at *5 (6th Cir. Sept. 16, 2022). Palma-Zelaya contends that her counsel had experienced delays in receiving mail forwarded from a previous address to counsel's new address. But the briefing schedule was mailed directly to the new address on May 28, 2020. Therefore, the BIA did not abuse its discretion in denying her motion for reconsideration.[1]

## III.

Palma-Zelaya argues that the BIA violated her due-process rights by not providing her notice of the briefing schedule for the appeal of her second motion to reopen and by not providing her with notice of the order dismissing her appeal. The government argues that we cannot consider Palma-Zelaya's due-process argument because she failed to raise it before the BIA.

We agree with the government. Palma-Zelaya has failed to exhaust her due-process claim by not first presenting it to the BIA. This exhaustion requirement is not jurisdictional, but it is still a mandatory claims-processing rule that we will enforce if a party raises it. *Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023); *Mazariegos-Rodas v. Garland*, 122 F.4th 655, 664 (6th Cir. 2024).

## IV.

For these reasons, we **DENY** Palma-Zelaya's petition for review.

---

[1] Because we have determined that the BIA did not err in denying Palma-Zelaya's motion for reconsideration, we need not consider whether Palma-Zelaya was entitled to equitable tolling for untimely filing the motion with the BIA.

HELENE N. WHITE, Circuit Judge, concurring. Because I am not convinced that Palma-Zelaya failed to show that the Board of Immigration Appeals (BIA) committed an error of fact or law under *Ba v. Holder*, 561 F.3d 604 (6th Cir. 2009), I would deny the petition on the basis that Palma-Zelaya has not shown that the untimely filing of her motion for reconsideration should be excused.

Palma-Zelaya and her counsel claim that they never received a briefing schedule and, indeed, no briefing schedule is found in the record. Nor does the record indicate whether the BIA mailed the briefing schedule via certified or regular mail, which, as the *Ba* court recognized, affects the strength of the presumption that mail is successfully delivered. 561 F.3d at 607 ("[T]he trend is toward a diminished presumption [of receipt] when regular mail is used," as opposed to certified mail) (gathering cases); *see also Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008) ("An inflexible and rigid application of the presumption of delivery is not appropriate when regular mail is the method of service of a Notice to Appear or Notice of Hearing."). Further, Palma-Zelaya's counsel attested that the law firm experienced delayed and lost mail due to issues with mail forwarding from a prior address and the COVID-19 pandemic. A.R. 104–05, 107–08, 110–11; *see also* A.R. 19 (motion for reconsideration asserting that counsel "experienced several situations where mail was either significantly delayed or outright lost by [USPS]"). The BIA addressed the first issue by noting that it mailed the briefing schedule to counsel's new, current address. However, Palma-Zelaya's citation to pandemic-related disruptions may very well satisfy the requirement that she assert more than a "blanket statement" that she did not receive the briefing schedule, *Ba*, 561 F.3d at 607, in turn establishing that the BIA erred in fact when it concluded that her counsel received a briefing schedule—especially if the BIA mailed the briefing schedule via regular mail and a lower presumption applies. I therefore would resolve this petition for review

by turning to whether Palma-Zelaya's late filing of her motion seeking reconsideration of the BIA's dismissal order should be excused.

The BIA dismissed Palma-Zelaya's appeal on October 22, 2020, and she filed her motion for reconsideration on March 15, 2021, well beyond the 30-day window. A.R. 3–4; 8 C.F.R § 1003.2(b)(2). Palma-Zelaya argues that she is entitled to equitable tolling of this deadline. "[E]quitable tolling is [t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008) (quoting *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422 (6th Cir. 2007)). The BIA resolved this issue by finding that Palma-Zelaya was not sufficiently diligent because she "does not explain when she received her copy of the Board's decision or why she waited until February 2021 to bring counsel a copy of the decision." A.R. 3–4.

Indeed, there is no explanation in Palma-Zelaya's motion for reconsideration regarding why she delivered the dismissal order to her counsel in February 2021, despite that the BIA issued the order in October 2020. On petition for review before this court, Palma-Zelaya explains that she received the notice of dismissal late (without specifying exactly when) and claims that it was addressed to her son and that, therefore, she could not legally open it. Pet'r Br. 10–11. As the government notes, she did not argue this position to the BIA and therefore cannot raise it on appeal. Resp't Br. 16. Unable to explain her delay, Palma-Zelaya is not entitled to equitable tolling, and I therefore concur with the majority's denial of her petition for review.[1]

---

[1] Palma-Zelaya also challenges the BIA's decision not to reconsider her case sua sponte based on extraordinary circumstances. This court has held that because sua sponte reconsideration "is committed to the unfettered discretion of the BIA," it "therefore is not subject to judicial review." *Barry*, 524 F.3d at 723 (quoting *Harchenko v. I.N.S.*, 379 F.3d 405, 410–11 (6th Cir. 2004)). *But see Gor v. Holder*, 607 F.3d 180, 188–91 (6th Cir. 2010) (affirming that this rule, as a published prior panel decision, "remain[s] the law of this circuit," but questioning the rule's continuing viability in light of *Kucana v. Holder*, 558 U.S. 233 (2010), and calling for an en banc reevaluation).