NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0749n.06

No. 09-3257

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 24, 2009
LEONARD GREEN, Clerk

KYRA TATIANA LILLIE,                    )
                                        )
        Petitioner,                     )
                                        )
v.                                      )    ON  PETITION  FOR  REVIEW  OF  AN
                                        )    ORDER   OF   THE   BOARD   OF
ERIC H. HOLDER, JR.,                    )    IMMIGRATION APPEALS
                                        )
        Respondent.                     )


        Before:  NORRIS, CLAY and SUTTON, Circuit Judges.


        SUTTON, Circuit Judge.  Kyra Lillie asks us to review an order of the Board of Immigration

Appeals declining to reopen her deportation proceedings.  Because Lillie received notice of the

proceedings and did not move for reopening within the time allowed by statute, we deny the petition

for review.


                                        I.


        A native and citizen of Panama, Lillie married Terry Allen Brown, a U.S. citizen, in Panama

on March 16, 1992.  She entered the United States on December 22, 1992, as a conditional

permanent resident—"conditional" because she had been married to a U.S. citizen for less than two

years.  *See* 8 U.S.C. § 1186a.  In 1994, the couple sought to remove Lillie's conditional status, but

when Brown failed to attend a required interview, the Immigration and Naturalization Service

(INS)—now known as the Department of Homeland Security—denied the petition and ended Lillie's permanent resident status. The INS initiated deportation proceedings against Lillie, who conceded each of the INS's factual allegations and admitted that she and Brown were separated. The immigration judge found Lillie deportable as charged but continued the proceedings so that she could file an extreme hardship waiver or depart from the United States voluntarily.

When Lillie next appeared before the immigration judge on March 18, 1996, she told the court—through newly retained counsel, Barbara Stelea—that she intended to file an extreme hardship waiver. The judge set a master calendar hearing so that Lillie could file the waiver application, or else he would "[deem] that opportunity abandoned." J.A. 66. Although the judge at first incorrectly stated that he scheduled the hearing for June 29, 1996 (a Saturday), he later repeated that Lillie was to present evidence of her application at "a master calendar hearing on June 28 at 10:00." J.A. 65–66.

On March 28, 1996, the INS delivered to Stelea a notice listing the date and time of the June 28 hearing. On April 5, Stelea informed the judge that she intended to file for the waiver as soon as Lillie returned "some documentation." A.R. 171. A week later, Stelea asked to withdraw from the case, citing "fail[ure] to cooperate" and non-payment. A.R. 169–70. On May 5, Lillie mailed a hand-written letter to the court, which identified her address as "Alphada Place Apt. #A9, Akron, OH, 44310," A.R. 208, and on May 14 the INS mailed a notice of the June 28 hearing to the Alphada Place address. The notice was returned to the INS marked "attempted, not known," A.R. 196,

presumably because the address lacked a street number, *see* J.A. 89. Neither Lillie nor her counsel attended the June 28 hearing, at which the immigration judge ordered Lillie deported to Panama.

On May 9, 2007, Lillie, since divorced from Brown and remarried to Stephen Lillie, a U.S. citizen, asked the immigration court to reopen her deportation proceedings, claiming she never received notice of the June 28 hearing. The immigration judge denied the motion, and the Board of Immigration Appeals rejected Lillie's appeal.

## II.

Lillie's case is eligible for reopening only if she can show that she did not receive notice of the June 28, 1996 hearing. *See* 8 U.S.C. § 1252b(c)(3)(B) (1994) (recodified at 8 U.S.C. § 1229a(b)(5)(C)). Otherwise, her May 9th motion comes far too late. *See* 8 C.F.R. § 1003.23(b)(1) (allowing 90 days from final administrative order, or until September 30, 1996, whichever is later, to file motion to reopen). Section 1252b required the INS to provide written notice of such hearings, delivered in person to the alien or by certified mail to the alien or the alien's counsel of record. *See* 8 U.S.C. § 1252b(a)(1) (1994) (recodified at 8 U.S.C. § 1229(a)(1)). In this instance, certified mail receipts show that the INS delivered notice of the June 28 hearing to Lillie's counsel of record, Stelea, three months before the hearing. That delivery by itself satisfied the notice requirements of § 1252b and, when combined with Lillie's concession that the INS's factual allegations were accurate, authorized the immigration judge's *in abstentia* deportation order. *See* 8 U.S.C. §

1252b(a)(1), (c)(1) (1994); *Scorteanu v. I.N.S.*, 339 F.3d 407, 412 (6th Cir. 2003) (reopening of proceedings unavailable where counsel of record received certified notification of the hearing).

Lillie does not dispute that Stelea received notice of the hearing, and she does not argue that notice to her counsel of record fails to satisfy the notice requirements of § 1252b. Her lone effort to come to grips with this timeliness flaw in the petition—in a footnote no less—is that Stelea had already withdrawn from representation by the time she received notice of the hearing. *See* Lillie's Br. at 12, n. 2. But the record contradicts the point. Stelea received written notice on March 28, 1996. A week later, on April 5, 1996, Stelea identified herself as Lillie's representative when corresponding with the court, and she remained in contact with Lillie regarding the case. It was not until April 12, 1996, more than two weeks after receipt of the written hearing notice, that Stelea asked to withdraw from the case. And it was not until the June 28 hearing that the judge granted Stelea's request to withdraw as counsel of record. No matter how one looks at this record, the INS fulfilled its notice obligation before Stelea withdrew as Lillie's counsel.

Because Lillie had notice of the hearing, her motion to reopen deportation proceedings comes more than a decade late, compelling us to deny the petition for review. We need not analyze whether notice mailed to Lillie's Alphada Place address was sufficient under § 1252b, nor need we reach the merits of Lillie's waiver claim. To the extent this fact pattern might suggest the groundwork for a claim of ineffective assistance of counsel, Lillie makes no such argument in her briefs—even after the Board rejected her ineffective-assistance claim as itself untimely.

III.

For these reasons, we deny the petition.