NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0217n.06

Case No. 12-4459

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 21, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| Lamine Fall, | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD OF |
| Petitioner, | ) | IMMIGRATION APPEALS |
| | ) | |
| v. | ) | |
| | ) | |
| Eric H. Holder, Jr., United States Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

_____/

**Before:  Merritt, Moore, and Clay, Circuit Judges.**

**MERRITT, Circuit Judge.**  The issue before us is whether petitioner must exhaust his remedies before the Board of Immigration Appeals on an unexhausted procedural issue regarding notice of a deportation hearing.  We conclude that petitioner must exhaust his administrative remedies.

Lamine Fall, a native and citizen of Mauritania, seeks review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's denial of his motion to reopen an *in abstentia* removal order.  Fall challenges the validity of the order on the ground that he did not receive legally sufficient notice of the hearing at which he failed to appear.  The immigration judge denied the motion to reopen because he found that notice was sent to the address on file with the immigration court and Fall's failure to receive the notice was due to his

failure to notify the immigration court of his address change. Fall appealed the denial of the motion to reopen to the Board of Immigration Appeals, which dismissed the appeal on the same ground.

Fall contends in his appeal to this Court that he should be allowed to reopen his removal hearing because the immigration court failed to give notice to his counsel of record. Fall did not raise this issue before the immigration judge or the Board of Immigration Appeals. It is not contested that the immigration court did not send notice to Fall's counsel. Because Fall raised this issue for the first time in this appeal and it was not presented to the immigration judge or the Board of Immigration Appeals to adjudicate in the first instance, we are constrained in our review and must affirm the Board's decision and deny Fall's petition for review.

## I.

Fall entered the United States at JFK Airport in December 2002 and filed an application for asylum in July 2003 giving an address in Columbus, Ohio. More than two years later, Fall was served with a Notice to Appear on December 13, 2005, charging him with being a removable alien and scheduling a removal hearing for October 10, 2006. The notice was sent by regular mail to 2910 Barclay Square North, Columbus, Ohio, 43209, where Fall had moved by the time of his asylum interview. The Notice to Appear explained that Fall could be removed *in abstentia* if he did not appear. The notice also instructed Fall that he was required to notify the immigration court immediately whenever he changed his address during the course of the proceedings.

On June 22, 2006, Fall's retained counsel, Ronald Salomon, filed a motion to change venue from Cleveland, Ohio, to New York, New York, where Fall had moved. Fall gave his

address on the motion to change venue as 413 Lisk Avenue, 1st Floor, Staten Island, New York, 10303. The change of venue motion has never been ruled upon.

On June 13, 2007, the immigration court mailed, by first-class mail, a notice to Fall setting a hearing for October 9, 2007. Despite the change of venue motion filed by counsel a year earlier giving a new address, the notice was sent to the Barclay Square address in Columbus. Fall did not appear for the October 9 hearing and was ordered removed *in abstentia.* In March 2011, Fall filed a motion to reopen and rescind the 2007 removal order, alleging that he did not receive notice of the October 7, 2009, hearing because it was sent to the wrong address. The Department of Homeland Security did not oppose the motion to reopen and, three months later, on June 27, 2011, the immigration judge granted Fall's motion to reopen. That same day, the immigration court sent to Fall, by first-class mail, a notice of hearing set for one month later, July 20, 2011. The notice was sent to 83 Taylor Street, Staten Island, New York 10310, the address given by Fall in his motion to reopen filed in March 2011, four months earlier.

Fall once again failed to appear at the July 20, 2011, hearing and an order removing him *in abstentia* was entered. Two months later, on September 6, 2011, Fall filed a motion to reopen and rescind the *in abstentia* order, alleging he did not receive notice of the July 20, 2011, hearing because it was sent to the Taylor Street address and he had moved back to Lisk Avenue. The Department of Homeland Security opposed the motion to reopen. On October 19, 2011, the immigration judge denied Fall's motion to reopen, finding that Fall had been adequately served with proper notice of the July 20 hearing because it was sent to the Taylor Street address, the last address on record for Fall, and Fall had failed to notify the immigration court that he had moved back to Lisk Avenue. Fall timely appealed the denial of his motion to reopen with the Board of

Immigration Appeals, arguing that the Board has held that there is a weaker presumption of delivery when notice is served by regular, instead of certified, mail and he had adequately rebutted the presumption that the notice had been delivered. The Board disagreed because it found that Fall conceded he had failed to notify the immigration court of his change of address. Decision of the Board of Immigration Appeals, dated Nov. 12, 2012. Admin. Rec. at 3-4. The petition for review with this Court was timely filed.

## II.

We review the Board's refusal to reopen a removal order for abuse of discretion. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006).

An alien's *in abstentia* removal order will be rescinded and the removal proceedings reopened if the alien demonstrates that he never received notice of his obligation to provide the immigration court or the Department of Homeland Security with a current address. 8 U.S.C. § 1229a(b)(5)(C)(ii). Service upon the alien by regular mail creates a rebuttable presumption that the alien in fact received the notice. *Ly v. Holder*, No. 08-3145, 327 F. App'x 616, 621 (6th Cir. May 20, 2009).

Before the immigration judge and the Board, Fall argued that he did not receive the notice of hearing. He maintained that because the notice was sent by regular mail, a weaker presumption of delivery attaches than when notice is sent by certified mail because there is no proof of delivery. He also argued that the government would not be prejudiced by reopening his removal proceeding. He did not contest that he moved and did not inform the immigration court of his new address.

In his brief before this Court, Fall does not argue as he did before the immigration courts that he adequately rebutted the presumption of delivery. He appears to have abandoned that

argument and instead relies exclusively on the argument that the notice of the July 20, 2011, hearing was legally insufficient because it was not sent to his counsel of record, Ronald Salomon. The government contends that sending notice solely to the alien at the last known address is sufficient and that, in any event, Salomon was suspended from the practice of law during the time frame in question.

For notices to appear, 8 U.S.C. § 1229(a)(1) states as follows:

> In removal proceedings . . . written notice . . . shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . . .

Removal proceedings *in abstentia* are governed by 8 U.S.C. § 1229a(b)(5), which states:

Any alien who, after written notice . . . has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in abstentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . . The written notice . . . shall be considered sufficient for purposes of this subparagraph if provided to the most recent address provided . . . .

The corresponding regulation, 8 C.F.R. § 1292.5, Service upon and action by attorney or representative of record, states as follows:

> Representative Capacity. Whenever a person is required by any of the provisions of this chapter to give or be given notice; to serve or be served with any paper other than a warrant of arrest or a subpoena; to make a motion; to file or submit an application or other document; or to perform or waive performance of any act, such notice, service, motion, filing, submission, performance, or waiver *shall* be given by or to, served by or upon, made by, or requested of the attorney or representative of record, or the person himself *if unrepresented*.

(Emphasis added.)

While the plain language of the statute is open to interpretation regarding whether notice is sufficient if sent directly to an alien even if the alien is represented by counsel, the regulation clearly directs that notice shall be given to the alien *if unrepresented*. We have held that service of a hearing notice on an alien's counsel, and not the alien himself, is sufficient to effect proper notice of the hearing, but we do not appear to have decided whether counsel of record must be

served when an alien is represented by counsel and counsel has filed an appearance with the immigration court. Fall makes a compelling argument based on the language of 8 C.F.R. § 1292.5, which states that counsel of record *shall* be notified if the alien is represented by counsel. *See Hamazaspyan v. Holder*, 590 F.3d 744 (9th Cir. 2009) (service of removal hearing notice on alien, but not on alien's counsel of record, was insufficient and rescission of alien's removal order *in abstentia* was warranted).

Based on the Ninth Circuit's holding in *Hamazaspyan* and the general rule that notice must be given to counsel of record in court proceedings, Fall raises a colorable argument that the immigration judge abused his discretion when he ordered him removed *in abstentia* for failing to appear when his alleged counsel of record did not receive notice of the hearing. However, we cannot resolve this issue due to the requirement that all issues for review in this Court be exhausted. Before raising an immigration issue in federal court, a petitioner must normally present all reviewable issues to the Board. 8 U.S.C. § 1252(d)(a); *Camaj v. Holder*, 625 F.3d 988, 992 (6th Cir. 2010). If the petitioner fails to exhaust an issue before the Board, that issue is normally deemed waived. *Khalili v. Holder*, 557 F.3d 429, 432-33 (6th Cir. 2009).

Furthermore, because the issue was not raised before the immigration courts, we do not have adequate factual findings to review concerning Ronald Salomon's representation of Fall and whether Salomon should have been served with notice of the hearing in his capacity as Fall's counsel. No findings have been made as to whether Salomon had properly filed a notice of appearance with the immigration court informing it he was Fall's counsel of record or whether he continued to serve as counsel of record during his alleged suspension from the practice of law during at least some of the time frame relevant to this case.[1]

---

[1] Fall has apparently moved the immigration court to reopen his removal order based on ineffective assistance of counsel. This issue is not before us here and we make no findings or conclusions except to note that the Fifth Amendment guarantee of due process extends to aliens in deportation proceedings, entitling them to a full and fair hearing. *Scorteanu*

In sum, we cannot on the record before us hold that Fall's *in abstentia* removal order can be rescinded where he concedes that he failed to update his address as required, and he failed to present his argument that the immigration court failed to provide notice of the hearing to counsel of record to the immigration judge or the Board. The issue is not exhausted and we do not have adequate facts before us to make such a ruling. It is the province of the immigration courts to decide the issue concerning notice to counsel of record in the first instance. We therefore affirm the Board's dismissal of Fall's appeal.

---

*v. INS*, 339 F.3d 407, 413 (6th Cir. 2003). The alien must prove that ineffective assistance of counsel resulted in prejudice or denial of fundamental fairness. *Id*.