RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0229p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

AMONCIO CRUZ-GOMEZ,

*Petitioner,*

*v.*

No. 14-3989

LORETTA E. LYNCH, Attorney General,

*Respondent.*

On Petition for Review from the
Board of Immigration Appeals.
No. A099 762 131.

Decided and Filed:  September 17, 2015

Before:  BOGGS and BATCHELDER, Circuit Judges; and HUCK, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:**  Ellis D. Bingham, III, BINGHAM AT LAW, LLC, Bessemer, Alabama, for Petitioner.  Jem C. Sponzo, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

**OPINION**

---

        BOGGS, Circuit Judge.   Petitioner Amoncio Cruz-Gomez, a native and citizen of Mexico, was charged with removability when he remained in the United States after his visa expired.  When he failed to appear at a master calendar hearing in his removal proceedings, the Immigration Judge ordered him removed in absentia.  Cruz-Gomez filed a motion to reopen his

---

[*]The Honorable Paul C. Huck, Senior United States District Judge for the Southern District of Florida, sitting by designation.

proceedings, arguing that he did not receive proper notice of the hearing.  The Immigration Judge and Board of Immigration Appeals denied this motion.  For the reasons given below, we affirm.

I

Cruz-Gomez was admitted to the United States in 2006 on a temporary work visa.  He remained in the United States after his visa expired, and the Department of Homeland Security ("DHS") initiated removal proceedings against him.  Cruz-Gomez appeared with counsel before an Immigration Judge ("IJ") on March 20, 2012, conceded that he was removable as charged, and claimed that he would seek asylum and withholding of removal.

At the March 20 hearing, the IJ notified Cruz-Gomez and his counsel that he would schedule two further hearings—a master calendar hearing on March 12, 2013, and an individual hearing on August 8, 2013.  Neither Cruz-Gomez nor his counsel appeared at the March 12 hearing.  The hearing was conducted in absentia and Cruz-Gomez was ordered to be removed to Mexico.

On July 16, 2013, Cruz-Gomez, now represented by new counsel, filed a motion to reopen his proceedings, in which he argued that he received notice only of the August 8 hearing. On August 22, 2013, the IJ denied the motion.  The IJ determined that Cruz-Gomez's claim that he did not know about the March 12 hearing was "not correct."  Specifically, the IJ noted that Cruz-Gomez was "specifically told" about both hearing dates through a Spanish interpreter; that Cruz-Gomez's counsel was provided with written notices of the two hearings; and that "notice to counsel constitutes notice to" Cruz-Gomez.  Cruz-Gomez appealed to the Board of Immigration Appeals (the "BIA"), again arguing that he did not receive notice of the March 12 hearing.  On June 26, 2014, the BIA dismissed the appeal after finding no error in the IJ's denial of Cruz-Gomez's motion to reopen.  Cruz-Gomez now appeals to this court.

II

We review the BIA's denial of a motion to reopen under a deferential abuse-of-discretion standard.  *Thompson v. Lynch*, No. 14-3899, 2015 WL 3634473, at *2 (6th Cir. June 12, 2015). We will undo the BIA's determination "only if it was made 'without a rational explanation,

inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Camaj v. Holder* (*Camaj II*), 625 F.3d 988, 991 (6th Cir. 2010) (quoting *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006)).

III

If an alien fails to appear at removal proceedings for which he received proper notice, the IJ is required to enter an order of removal in absentia. *See* 8 U.S.C. § 1229a(b)(5)(A). Such an order may be rescinded only if: the alien files a motion within 180 days demonstrating that he failed to appear due to exceptional circumstances; the alien files a motion at any time showing that he failed to appear because he was in federal or state custody; or the alien files a motion at any time showing that he did not receive proper notice. *Thompson*, 2015 WL 3634473, at *3 (citing 8 U.S.C. § 1229a(b)(5)(C)). On appeal, Cruz-Gomez does not dispute that he and his initial counsel were present at the hearing held on March 20, 2012, or that they received notice of the hearing scheduled on that day for August 8, 2013. He does claim, however, that he did not receive notice of the hearing scheduled for March 12, 2013, at which he failed to appear.

A

8 U.S.C. § 1229a(b)(5)(A), which codifies Section 240(b)(5)(A) of the Immigration and Nationality Act (the "INA"), provides that:

> Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the [Immigration and Naturalization Service] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . .

The cross-referenced subsection, 8 U.S.C. § 1229(a), codifies Section 239(a) of the INA and describes the requirements for notice in part as follows:

> In removal proceedings under section 1229a of this title, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . . .

*See also* § 1229(a)(2)(A) ("[I]n the case of any change or postponement in the time and place of such proceedings, . . . a written notice shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . . .").

While the government has the burden of demonstrating at an in absentia hearing that proper notice was served, the burden shifts to the alien on a motion to reopen to demonstrate that he did not receive proper notice. *See Sleiman v. Gonzales*, 241 F. App'x 321, 324 (6th Cir. 2007) ("[T]he requirements for the issuing of an *in absentia* removal order, in which the burden is placed on the government to prove that notice of the removal proceeding was *provided* to the alien or his counsel," are distinct from "the requirements for the overturning of the denial of a motion to reopen, in which the burden is placed on the alien to prove that he did not *receive* notice of the hearing."). Thus, Cruz-Gomez bears the burden to demonstrate that he did not receive proper notice of the March 12 hearing. *See* 8 U.S.C. § 1229a(b)(5)(C) (establishing that the alien must "demonstrate[] that [he] did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title"); *Scorteanu v. I.N.S.*, 339 F.3d 407, 411 (6th Cir. 2003) ("[I]n seeking recision of an in absentia deportation order, the burden rests on the movant to demonstrate . . . improper notice . . . .").

In this case, the administrative record contains copies of two written notices regarding the March 12 and August 8 hearings, respectively. Each notice has a certificate of service indicating that Cruz-Gomez's counsel was personally served on March 20, 2012—the day that he and Cruz-Gomez appeared before the IJ—and specifies that failure to appear may result in removal being ordered in absentia.

Cruz-Gomez observes in his brief that, when ruling on his motion to reopen, the IJ stated that the immigration court "sent" the hearing notices to counsel, implying that they were sent by mail. Pet'r Br. 7. Cruz-Gomez speculates that "written notice was probably not provided to . . . counsel, because the IJ believed that the court notice was sent by mail and the court staff believed that it was served personally." *Ibid.* This speculation is insufficient to demonstrate that counsel was not personally served with notice of the March 12 hearing as the notice itself indicates, especially since Cruz-Gomez seems to concede that he and his counsel did receive

notice by personal service of the August 8 hearing. *See id.* at 8 ("*[P]etitioner and counsel* were informed of the individual hearing [scheduled for August 8] . . . by personal service and by oral notification . . . .") (emphasis added). The notice for the August 8 hearing is identical in all material respects to the notice for the March 12 hearing, including in its indication of personal service to counsel.

B

We write further to respond to the general assertion made by the BIA and the government that "[n]otice to counsel constitutes notice to [the petitioner]." Resp't Br. 6, 15. While 8 U.S.C. § 1229a(b)(5)(A) seems to equate notice to counsel with notice to the alien, *see ibid.* (concerning whether "written notice . . . has been provided to the alien or the alien's counsel of record"),[1] the text of the cross-referenced § 1229(a), which sets out the actual requirements for notice, seemingly distinguishes between the two. Specifically, § 1229(a) requires that personal service "shall be given . . . to the alien," and only mentions service to counsel when allowing for service by mail where personal service to the alien "is not practicable." *See Camaj II*, 625 F.3d at 990 ("[T]he Immigration Court *must have provided [the alien] with written notice* of the date, time, and location of the missed hearing *'in person,' if 'practicable,'* before issuing the in absentia deportation order. *If not practicable*, service of notice upon [the alien's] counsel, which occurred, would suffice." (emphases added) (internal citations omitted)); *Camaj v. I.N.S.* (*Camaj I*), 78 F. App'x 465, 467 (6th Cir. 2003) ("[I]f practicable, the 'written notice' that is 'required' must be given to the alien in person.").[2] Thus, equating notice to counsel with notice to the alien under all circumstances would seem to ignore the statute's mandatory "shall" command and conditional structure. *Cf. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[M]andatory" language, such as "'shall,' . . . normally creates an obligation impervious to judicial discretion.").

---

[1]Similarly, 8 C.F.R. § 1003.26(c)(2), which is part of the INA's implementing regulations, provides that an alien who fails to appear shall be removed in absentia if there is "clear, unequivocal, and convincing evidence that written notice of the time and place of proceedings and written notice of the consequences of failure to appear were provided to the alien *or the alien's counsel of record*." (emphasis added).

[2]Both the 2003 and 2010 panels in the *Camaj* case dealt with the previous version of the INA. The current version is identical in all material respects with regard to the notice provisions. *See, e.g., Sanchez v. Holder*, 627 F.3d 226, 230 (6th Cir. 2010) ("Provisions markedly similar to [the previous statute] now appear in 8 U.S.C. §§ 1229 and 1229a.")

Despite the provision's text and structure, "several courts of appeals—including our own—[have] held that service by certified mail to an alien's attorney satisfies" the INA without examining whether personal service upon the alien was practicable. *Camaj I*, 78 F. App'x at 468; *see also, e.g.*, *Fall v. Holder*, 560 F. App'x 519, 522 (6th Cir. 2014) ("We have held that service of a hearing notice on an alien's counsel, and not the alien himself, is sufficient to effect proper notice of the hearing."); *Lillie v. Holder*, 352 F. App'x 991, 993 (6th Cir. 2009) (The INA "required the INS to provide written notice of [master calendar] hearings, delivered in person to the alien or by certified mail to the alien or the alien's counsel of record. . . . [T]he INS delivered notice of the . . . hearing to . . . counsel of record . . . . That delivery by itself satisfied the notice requirements of § [1229(a)(1)]."); *Al-Ujaimy v. Gonzales*, No. 06-3109, 2007 WL 1339838, at *1 (6th Cir. May 7, 2007) ("[N]otice mailed to the alien's counsel of record is sufficient."). *But see Camaj I*, 78 F. App'x at 467 (There is "no legitimate basis for concluding that the mailing of written notice to counsel will pass muster in a situation where it would have been practicable to give written notice to the alien in person.").**[3]**

While this may raise concerns in future cases involving notice to counsel *by mail*, we are less troubled by equating *personal service* to counsel with personal service to the alien in this case. Here, the record indicates that counsel was served personally with notice on the day on which he accompanied his client to immigration court. It is true that § 1229(a) does not specifically mention personal service to counsel as a viable means of notice and in fact distinguishes service to the alien from service to counsel when referring to service by mail. *Cf. Camaj I*, 78 F. App'x at 467 ("Only if in-person service on the alien is not practicable does the statute provide for service by certified mail, and only then is there an option to notify the alien through counsel."). However, interpreting personal service to counsel to constitute personal service to the alien under the circumstances of this case accords with common sense and the traditional principle that a party "is considered to have 'notice of all facts, notice of which can be

---

**[3]**The *Camaj I* panel attempted to reconcile the case law in this circuit with the INA's explicit requirements. The panel accepted the BIA's determination that personal service to the alien is only practicable for the purposes of § 1229(a) if "the alien has been 'present in immigration court,'" "presumably under circumstances where it was practicable for the judge or the judge's designee to give the alien written notice on the spot." *Camaj I*, 78 F. App'x at 468 (quoting *In re Grijalva*, 21 I. & N. Dec. 27, 34–35 (B.I.A. 1995)). The panel then opined that the courts holding that service by mail to counsel was sufficient without examining practicability "had no occasion . . . to consider whether in-person service would have been" practicable because the petitioners had not been present in immigration court when the relevant notices were prepared. *Ibid.*

charged upon the attorney,'" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1880)), while respecting the INA's expressed preference for personal service where practicable.[4] It seems clear that providing written notice to counsel when accompanying his client in court "is notice reasonably calculated, under all the circumstances, to apprise interested parties" of the pending proceedings. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *cf.* Pet'r Br. at 8 (suggesting that notice of the August 8 hearing served personally upon counsel provided notice both to "petitioner and counsel").

The Ninth Circuit considered nearly identical factual circumstances in *Garcia v. I.N.S.*, a case that provides support for our decision here. In *Garcia*, the Ninth Circuit recognized that the predecessor to 8 U.S.C. § 1229(a) similarly required that "written notice shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any)." 222 F.3d 1208, 1209 (9th Cir. 2000) (quoting 8 U.S.C. § 1252b(a)(2)(A)). Even so, the court rejected the petitioners' contention that notice was inadequate when it was "personally served . . . on petitioners' counsel, in petitioners' presence," after stressing the litigation principle noted above that parties generally are charged with their attorney's knowledge. *Ibid.*; *cf. Chambers v. Mukasey*, 520 F.3d 445, 449 (5th Cir. 2008) (deciding not to address the petitioner's claim that notice "should have been personally served on her rather than counsel" under § 1229(a) because the petitioner "waived her challenge to . . . service" by appearing in immigration court).

The support provided by *Garcia* is further bolstered by the Ninth Circuit's more recent decision in *Hamazaspyan v. Holder*. In that case, the Ninth Circuit held that § 1229(a)'s conditional clause, which provides that service must be made "by mail to the alien or to the alien's counsel of record, if any," if personal service is not practicable, means that service by mail to a represented alien must be made to counsel and the alien, or to counsel alone, but never only to the alien. *Hamazaspyan v. Holder*, 590 F.3d 744, 749 (9th Cir. 2009); *see also ibid.* ("[T]he phrase 'if any' creates a condition in the choice between serving the alien or serving his

---

[4]Indeed, we note that personal service to Cruz-Gomez may have been impracticable even though he was present in immigration court, perhaps because of a language barrier. The written notice provided to Cruz-Gomez's counsel was in English, and it appears from the record that the IJ communicated with Cruz-Gomez through a Spanish interpreter.

counsel. If . . . the alien is represented by counsel of record, then the government must serve . . . his counsel of record. . . .   The purpose of the word 'or' in the statute is to clarify that the immigration court is not required to send notice to *both* the alien *and* the alien's counsel of record."). It seems nonsensical to interpret § 1229(a) to suggest that personal service to an attorney is never acceptable because it is not specifically mentioned, while service by mail to an attorney may be acceptable (and perhaps required) in many circumstances, especially in light of other INA provisions and implementing regulations demonstrating a preference for service upon counsel. *See, e.g.*, 8 C.F.R. § 1292.5(a) ("Whenever a person is required by any of the provisions of this chapter to . . . be given notice . . . , such notice . . . shall be given . . . to [or] served . . . upon . . . the attorney or representative of record, or the person himself if unrepresented.").

To summarize, we interpret § 1229(a) to require that personal service be made upon the alien whenever practicable and hold that, in certain cases, personal service to a represented alien's counsel may constitute personal service to the alien. This is one of those cases.[5]

IV

The administrative record indicates that Cruz-Gomez's counsel was personally served with written notice of the March 12 hearing on the day that he appeared with Cruz-Gomez in immigration court. Under these circumstances, we hold that such notice satisfies the INA and, therefore, Cruz-Gomez was properly ordered to be removed in absentia when he failed to appear at the March 12 hearing. As a result, we AFFIRM the BIA's decision.

---

[5]We need not address the question of whether personal service to a represented alien must always be made upon the alien's counsel—though we note that the statutory language requiring service to counsel, "if any," which prompted the Ninth Circuit's decision in *Hamazaspyan*, does not appear in the personal-service section of the notice statute. In any event, as noted above, *see supra* note 3, the BIA has determined that personal service to an alien is only practicable "if the alien has been 'present in immigration court.'" *Camaj I*, 78 F. App'x at 468. In most cases, a represented alien would only appear in court alongside his counsel, and it is hard to imagine that personal service would be made upon a represented alien in court without his counsel's knowledge (or vice versa).