NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0162n.06

Case No. 21-3173

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 10, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DAVIDA MERLY VASQUEZ-VASQUEZ; KAREN AYMAR LAINEZ-VASQUEZ, | ) ) ) | |
| Petitioners, | ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| v. | ) ) ) | |
| MERRICK B. GARLAND, Attorney General, | ) ) | |
| Respondent. | ) ) | OPINION |

Before: SUTTON, Chief Judge; LARSEN and DAVIS, Circuit Judges.

SUTTON, Chief Judge. An immigration court sent Davida Vasquez-Vasquez's counsel notice of a removal hearing. When Vasquez-Vasquez failed to appear, the immigration judge ordered her removed. Because the court complied with all statutory and constitutional requirements in notifying Vasquez-Vasquez of the hearing and because she nonetheless failed to attend it, we deny her petition for review.

A native of Guatemala, Davida Merly Vasquez-Vasquez fled her home country with a newborn baby and entered the United States on October 16, 2016. Vasquez-Vasquez applied for asylum, withholding of removal, and protection under the Convention Against Torture.

The immigration court set Vasquez-Vasquez's removal hearing for January 2017. It rescheduled the hearing several times over the coming years and mailed notice of each new date

to Vasquez-Vasquez's counsel once she obtained representation. The court eventually landed on a June 7, 2019 hearing date.

Vasquez-Vasquez and her counsel attended the June 7 hearing. As misfortune would have it, the foreign language translator spoke only Spanish, not Vasquez-Vasquez's Mayan Mam dialect. The immigration judge adjourned the hearing and agreed to reschedule it. Later that day, the court mailed a notice to Vasquez-Vasquez's counsel, rescheduling the hearing for June 21.

Vasquez-Vasquez's counsel received the notice on Friday, June 14, and forwarded it to Vasquez-Vasquez on Monday, June 17. Vasquez-Vasquez apparently did not receive the notice in time and did not answer her counsel's phone call on June 20.

When Vasquez-Vasquez failed to appear at the hearing, the immigration judge ordered her removed. She moved to reopen and rescind, claiming that the judge should have personally served her notice and that exceptional circumstances excused her absence. The judge denied the motion, and Vasquez-Vasquez appealed to the Board of Immigration Appeals. The Board dismissed the appeal, reasoning that service to Vasquez-Vasquez's counsel was proper and that exceptional circumstances did not excuse her absence.

Vasquez-Vasquez petitioned this court for review.

If an alien fails to attend a removal hearing, she "shall be ordered removed." 8 U.S.C. § 1229a(b)(5)(A). An immigration court may reopen and rescind a removal order due to an alien's failure to appear if the alien files a motion "demonstrat[ing] that [she] did not receive notice" in accordance with statutory requirements or that "exceptional circumstances" excused her absence. *Id.* § 1229a(b)(5)(C); *Cruz-Gomez v. Lynch*, 801 F.3d 695, 697 (6th Cir. 2015). Under the statutory notice requirements, immigration officials must provide written notice of time changes to an alien's removal hearing "in person to the alien (or, if personal service is not practicable, through

service by mail to the alien or to the alien's counsel of record, if any)." 8 U.S.C. § 1229(a)(2)(A). Exceptional circumstances that might excuse a failure to appear, the statute says, include those "such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of [close relatives]" that are "beyond the control of the alien." *Id.* § 1229a(e)(1).

When the Board denies a motion to reopen, we review the decision for abuse of discretion. *Gafurova v. Whitaker*, 911 F.3d 321, 325 (6th Cir. 2018). We decide only if the Board's decision lacked a "a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982). "[I]f a denial turns on disputed facts, we must treat 'the administrative findings of fact [as] conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Valadez-Lara v. Barr*, 963 F.3d 560, 568 (6th Cir. 2020) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The Board did not exceed its discretion. At the June 7 hearing, the immigration judge adjourned the hearing because the translator did not speak Vasquez-Vasquez's Mayan dialect. He then explained that he could not reset a hearing date at that time but that he would send a mailed notice of a new date. By the time the judge rescheduled the hearing later that day, Vasquez-Vasquez had left the immigration court, making personal service impractical. *See Matter of Grijalva*, 21 I&N Dec. 27, 34–35 (B.I.A. 1995) (interpreting personal service on an alien to be "practicable" when the alien is present in court). The immigration court then mailed the notice to Vasquez-Vasquez's counsel just as it had done four times before. On this record, the Board rationally concluded that the court could not practicably serve Vasquez-Vasquez in person and that it permissibly mailed the service to her lawyer. *See Camaj v. Holder*, 625 F.3d 988, 992 (6th

Cir. 2010) (affirming the Board's denial of a motion to reopen when an alien did not present evidence that personal service would have been practicable).

The Board also rationally concluded that exceptional circumstances did not excuse Vasquez-Vasquez's absence. The immigration court mailed a new notice to her counsel 14 days before the rescheduled hearing, which aligned with the court's practice of sending notice at least 10 days before a hearing. *See* Immigration Court Practice Manual, Chapter 4.15(b). And Vasquez-Vasquez failed to explain why her counsel could not reach her between June 14 (when her counsel received notice) and June 21 (the hearing date). The Board fairly concluded that Vasquez-Vasquez did not establish any exceptional circumstances that would justify her failure to appear.

Vasquez-Vasquez insists that the Board incorrectly determined that she "receive[d] notice" under 8 U.S.C. § 1229a(b)(5)(C). But she does not dispute the fact that her counsel received notice, which suffices so long as personal service to Vasquez-Vasquez was "not practicable." *Id.* § 1229(a)(2)(A); *see also Scorteanu v. INS*, 339 F.3d 407, 411–12 (6th Cir. 2003) (rejecting argument that former, materially identical provision required notice to "the alien" as opposed to the alien's counsel). And Vasquez-Vasquez offers only factual speculation that the immigration judge somehow could have reset her hearing before she left the court on June 7.

Vasquez-Vasquez claims that her counsel did not have enough time to "effectively relay the notice," which should excuse her failure to appear. Pet. Br. 26. But her counsel's inability to reach her in the seven days between receipt of the notice and the hearing date simply amounts to miscommunication between a lawyer and client. Such mishaps, unfortunate though they may be, do not constitute the kind of exceptional circumstances that excuse a failure to appear. *See Acquaah v. Holder*, 589 F.3d 332, 335–37 (6th Cir. 2009) (an alien's mistaken belief as to the date of his hearing did not excuse his failure to appear).

The Due Process Clause of the Fifth Amendment does not provide any additional shelter for Vasquez-Vasquez in this instance. Individuals subject to deportation proceedings, it is true, must receive fair hearing guarantees under the Due Process Clause. *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). And those guarantees require that notice be "reasonably calculated, under all the circumstances, to apprise interested parties." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *Kegode v. Ashcroft*, 64 F. App'x 446, 449 (6th Cir. 2003). But neither Vasquez-Vasquez nor for that matter any cited case shows that 14 days' mailed notice to counsel is not "reasonably calculated" to give notice of a hearing date or that 7 days does not suffice for a lawyer to reach her client. *See Sleiman v. Gonzales*, 241 F. App'x 321, 325 (6th Cir. 2007) (finding statutorily sufficient notice "reasonably calculated" to apprise alien of hearing). The unfortunate reality that court staff could have done more, say by calling or emailing Vasquez-Vasquez, does not show that the court violated this constitutional due-process minimum.

We deny the petition for review.